UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMUEL K. MCDONOUGH, <br><br> Plaintiff, <br><br> v. <br><br> ROBIN SMITH, et al., <br><br> Defendant. | CASE NO. C19-1248-RAJ-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff, Sam McDonough, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983. Having reviewed and screened plaintiff's complaint under 28 U.S.C. § 1915A and §1915(e), the Court recommends that plaintiff's claims relating to his "federal appeal" to his criminal case be dismissed without prejudice and with leave to re-file a federal habeas petition pursuant to 28 U.S.C. § 2254. The Court further finds that plaintiff's § 1983 claims related to alleged inadequate medical care provided by Department of Corrections (DOC) staff fail to state a claim as pled. However, the Court recommends that plaintiff be given an opportunity with, respect to his § 1983 claims, to amend his complaint to cure the deficiencies described below. The Court further recommends that (1) if plaintiff fails to file an amended complaint, that the case be dismissed pursuant to 28 U.S.C. § 1915A and §1915(e) for failure to state a claim; and

REPORT AND RECOMMENDATION - 1

(2) if plaintiff does file an amended complaint, that the case be referred back to Hon. Brian A. Tsuchida for further proceedings.

**BACKGROUND**

Plaintiff states in his complaint that he intends "to file two different cases" a federal 1983 lawsuit about DOC "refusing to give me my antibiotics" and a "federal appeal to my criminal case[.]" Dkt. 6. With respect his § 1983 claims plaintiff alleges he has "multiple infections going on" in his shoulder, stomach, and teeth. *Id.* He alleges defendants have acted with deliberate indifference in refusing to continue to prescribe him antibiotics. Specifically, plaintiff contends about a month ago he experienced spontaneous swelling in his cheek like a tooth infection and went to the nurse. *Id.* He indicates he was prescribed 30 days of the antibiotic "metonidazole" and 7 days of the antibiotic "clindamyacin" and scheduled to see the dentist. *Id.* He contends the antibiotics worked well and the swelling was almost completely gone and that he also believed they were helping his shoulder and stomach problems which he also attributes to bacterial infections. *Id.* He indicates he returned and requested a re-fill of the antibiotics from a "substitute" dentist. I*d.* That dentist indicated he could not refill the prescription due to "risk of immunity from too much" and that he would have to see the regular dentist. *Id.* Plaintiff indicates when he saw the regular dentist, Laura Hale, and asked for more antibiotics she refused and told him that his tooth was the source of the infection and that it needed to be pulled. *Id.*

Plaintiff indicates he asked a different provider, Robin Smith, for antibiotics and she also refused to prescribe them and stated something about plaintiff being "mentally ill." *Id.* Plaintiff indicates he went to another dentist, Valerie Webb, who prescribed him another 7 days of antibiotics and that it was working great but now it is not possible for him to receive more. *Id.* Plaintiff contends defendants are not prescribing him antibiotics "because they are in on it with

REPORT AND RECOMMENDATION - 2

the ones tampering with my food/water/coffee." *Id.* He indicates the "scheme is to tamper with my food/water/coffee, with some substance to make my teeth hurt …[then] get me to pull a tooth." *Id.* Plaintiff also alleges he's had a shoulder problem since he was at Clallam Bay which was diagnosed as "arthritis" and that he has had stomach problems since 2014 but that "they don't want me to receive the cure because they are the ones who gave it to me." *Id.* He contends "the nursing staff from King County Jail are the ones who are behind all of it." *Id.* Plaintiff alleges the nursing staff from King County Jail in retaliation for filing a case against them "manufactured this residential burglary case on me …[and] are the source of my infectious diseases." *Id.* Plaintiff also appears to allege the other inmates are tampering with the water supply and spreading infectious bacteria. *Id.* Plaintiff also states it is unjust he has to register as a sex offender because "indecent exposure is not the definition of my character it is something stupid I did high on methamphetamine." *Id.*

As relief, plaintiff requests an emergency injunction forcing the nursing staff to completely cure his infection with a full course of antibiotics or release him so he can go somewhere to get treatment; force the inmates so there is clean food and water; use evidence from this lawsuit as evidence of fraud for his federal appeal and reverse and dismiss; assign a federal investigator to review all of his cases so they can inform the court of the truth.

With respect to his "federal appeal" plaintiff alleges various problems in his criminal trial including juror bias, insufficient evidence, and violation of his speedy trial rights, that he was falsely accused and maliciously prosecuted. *Id.* As relief he requests the Court reverse and dismiss his criminal conviction and release him back to community custody. *Id.*

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

A. **"Federal Appeal" of State Court Conviction**

Plaintiff states in his complaint that he intends "to file two different cases" a federal 1983 lawsuit about DOC medical staff "refusing to give me my antibiotics" and a "federal appeal to my criminal case[.]" Dkt. 6, at 1.

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991).

Here, plaintiff has filed a civil rights action wherein it appears he seeks, in part, to challenge the validity of his state court conviction and sentence. The Court construes plaintiff's statement that he wishes to file a "federal appeal" as a request for post-conviction relief from his state court conviction and sentence. However, plaintiff's requested relief, which challenges the fact of his custody, is properly raised in a 28 U.S.C. § 2254 petition, not a § 1983 complaint. Therefore, plaintiff has failed to state a cognizable § 1983 claim. **The Court recommends that this claim be dismissed without prejudice with leave to re-file a §2254 habeas petition.**

**B. Inadequate Medical Care**

Plaintiff alleges defendants, dentist Laura Hale and provider Robin Smith, acted with deliberate indifference to his serious medical need by refusing to prescribe him additional antibiotics. Dkt. 6.

To state a claim under the Eighth Amendment, a plaintiff must include factual allegations that a state actor acted with deliberate indifference to his serious medical needs. A determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992). A "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton

infliction of pain contrary to contemporary standards of decency. *Helling v. McKinney*, 509 U.S. 25, 32–35 (1993); *McGuckin*, 974 F.2d at 1059. An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

Here, plaintiff alleges generally that he believes defendants are intentionally withholding necessary antibiotics from him but offers no factual support for this assertion. He acknowledges that he was given a round of antibiotics by a nurse for his infected tooth. He indicates after the initial round of antibiotics was complete defendant Hale refused to prescribe him more antibiotics, indicating she believed the appropriate course of treatment was to pull the tooth and that defendant Smith also refused to prescribe additional antibiotics. Plaintiff indicates another provider also expressed concern that he would become resistant if they continued to prescribe antibiotics. Plaintiff alleges insufficient facts to indicate that defendants knew of and disregarded an excessive risk to his health or safety. At best, plaintiff's complaint alleges facts to indicate only that he disagrees with the course of treatment he is receiving.

Plaintiff also fails to state any facts to support his asserted belief that he has infections in his shoulder or stomach for which antibiotics are required. He indicates his shoulder issue has been diagnosed by DOC medical personnel as arthritis but that he does not believe this diagnosis and instead believes he has an infection. Again, this, at most amounts to a disagreement with a diagnosis but plaintiff does not allege facts to support a claim for deliberate indifference.

Accordingly, plaintiff's complaint, as pled, fails to state a plausible claim of deliberate indifference to his serious medical needs. However, because plaintiff is proceeding pro se, the Court recommends that plaintiff be afforded the opportunity to cure these deficiencies by filing an amended complaint on or before **October 11, 2019**. If plaintiff fails to file an amended complaint, the Court recommends that plaintiff's claims be **dismissed for failure to state a claim**. If plaintiff does file an amended complaint, the Court recommends that the matter be **referred back to the Hon. Brian A. Tsuchida for further proceedings**.

### C. Other Claims

With regard to the remainder of plaintiff's complaint relating to retaliation by King County Nursing Staff and allegations of intentional contamination both by the King County Nursing Staff and other unnamed inmates he fails to name these individuals as defendants and makes only conclusory allegations which fail to state a plausible and viable § 1983 claim. If plaintiff files an amended §1983 complaint and intends to allege additional claims or name additional defendants, he must write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person or persons who violated the right; (3) exactly what that person(s) did or failed to do; (4) how the action or inaction of that person(s) is connected to the violation of plaintiff's constitutional rights; and (5)

what specific injury plaintiff suffered because of that person(s)'s conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **September 17, 2019.**  The Clerk should note the matter for **September 20, 2019**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed **7 pages**.  The failure to timely object may affect the right to appeal.

DATED this 3rd day of September, 2019.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8