UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMUEL K. MCDONOUGH,<br><br>              Plaintiff,<br><br>    v.<br><br>ROBIN SMITH, ET AL.,,<br><br>              Defendant. | CASE NO. C19-1248-RAJ-BAT<br><br>**ORDER DENYING MOTION FOR COUNSEL (DKT. 7)** |

Plaintiff is confined in the Monroe Correctional Complex and moves the Court to appoint counsel and a federal investigator to represent him and develop facts in this civil rights case. Dkt. 7. Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). The Court may appoint counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1), but only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Plaintiff provides no explanation as to why there are exceptional circumstances justifying appointment of counsel. The Court assumes plaintiff is indigent and lacks legal training but these

ORDER DENYING MOTION FOR
COUNSEL (Dkt. 7) - 1

are not exceptional circumstances. Rather they are circumstances applicable to virtually all *pro se* prisoner plaintiffs. Appointment of counsel is thus presently not justified, and the Court **ORDERS:**

(1) The motion for appointment counsel, Dkt. 7, is **DENIED.**

(2) The Clerk shall provide a copy of this Order to plaintiff.

DATED this 4th day of September, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION FOR
COUNSEL (Dkt. 7) - 2