UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMUEL K MCDONOUGH,<br><br>               Plaintiff,<br><br>   v.<br><br>ROBIN SMITH, et al.,<br><br>               Defendant. | CASE NO. C19-1248-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Samuel K. McDonough, commenced this civil rights action by filing a complaint pursuant to 42 U.S.C. § 1983. Dkt. 6. Plaintiff is a prisoner currently housed at Monroe Correctional Complex-SOU (MCC-SOU), and proceeds *pro se* and *in forma pauperis*, in this action. Dkt. 5. In his original complaint, plaintiff stated he intended "to file two different cases" a federal 1983 lawsuit about DOC "refusing to give me my antibiotics" and a "federal appeal to my criminal case[.]" *Id.* The Court reviewed and screened plaintiff's original complaint under 28 U.S.C. § 1915A and §1915(e) and issued a Report and Recommendation finding and recommending the following:

1) that plaintiff's claims relating to his "federal appeal" to his criminal case be dismissed without prejudice and with leave to re-file a federal habeas petition pursuant to 28 U.S.C. § 2254;

2) that plaintiff's § 1983 claims related to alleged inadequate medical care provided by Department of Corrections (DOC) staff failed to state a claim as pled but that plaintiff

REPORT AND RECOMMENDATION - 1

should be given an opportunity with, respect to his § 1983 claims, to amend his complaint to cure the deficiencies described in the Court's Report and Recommendation. The Court further recommended that (1) if plaintiff failed to file an amended complaint, that the case be dismissed pursuant to 28 U.S.C. § 1915A and §1915(e) for failure to state a claim; and (2) if plaintiff did file an amended complaint, that the case be referred back to the undersigned for further proceedings. Dkt. 8

While the Report and Recommendation was pending before the Hon. Richard A. Jones, plaintiff filed a separate 28 U.S.C. § 2254 habeas corpus petition in this court challenging the alleged constitutional violations related to his conviction and sentence and seeking release from custody. *See McDonough v. State of Washington*, 19-cv-1501-MJP-BAT. Plaintiff also filed an amended 42 U.S.C. § 1983 complaint in the instant case in which he attempts to remedy the deficiencies in his original complaint laid out in the Court's Report and Recommendation. Dkt. 10. As it appeared plaintiff had substantially complied with the Court's recommendations, the Court issued an order terminating consideration of the Report and Recommendation as moot. Dkt. 11.

The Court has now screened plaintiff's amended § 1983 complaint and recommends that plaintiff's claims with respect to inadequate medical care related to his tooth and contamination of the food, water, and coffee at MCC-SOU be dismissed with prejudice for failure to state a claim and that plaintiff's claims with respect to "false imprisonment" be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).

## BACKGROUND

**A. Original Complaint**

REPORT AND RECOMMENDATION - 2

As noted above, in his original complaint, plaintiff indicated he intended "to file two different cases" a federal 1983 lawsuit about DOC "refusing to give me my antibiotics" and a "federal appeal to my criminal case[.]" Dkt. 6. With respect his § 1983 claims plaintiff alleged he has "multiple infections going on" in his shoulder, stomach, and teeth. *Id.* He alleged defendants had acted with deliberate indifference in refusing to continue to prescribe him antibiotics. Specifically, plaintiff contended about a month ago he experienced spontaneous swelling in his cheek like a tooth infection and went to the nurse. *Id.* He indicated he was prescribed 30 days of the antibiotic "metonidazole" and 7 days of the antibiotic "clindamyacin" and scheduled to see the dentist. *Id.* He contended the antibiotics worked well and the swelling was almost completely gone and that he also believed they were helping his shoulder and stomach problems which he also attributed to bacterial infections. *Id.* He indicated he returned and requested a re-fill of the antibiotics from a "substitute" dentist. I*d.* That dentist indicated he could not refill the prescription due to "risk of immunity from too much" and that he would have to see the regular dentist. *Id.* Plaintiff indicated when he saw the regular dentist, Laura Hale, and asked for more antibiotics she refused and told him that his tooth was the source of the infection and that it needed to be pulled. *Id.*

Plaintiff indicated he asked a different provider, Robin Smith, for antibiotics and she also refused to prescribe them and stated something about plaintiff being "mentally ill." *Id.* Plaintiff indicated he went to another dentist, Valerie Webb, who prescribed him another 7 days of antibiotics and that it was working great but now it is not possible for him to receive more. *Id.* Plaintiff contended defendants are not prescribing him antibiotics "because they are in on it with the ones tampering with my food/water/coffee." *Id.* He indicated the "scheme is to tamper with my food/water/coffee, with some substance to make my teeth hurt …[then] get me to pull a

REPORT AND RECOMMENDATION - 3

tooth." *Id.* Plaintiff also alleged he's had a shoulder problem since he was at Clallam Bay which was diagnosed as "arthritis" and that he has had stomach problems since 2014 but that "they don't want me to receive the cure because they are the ones who gave it to me." *Id.* He contended "the nursing staff from King County Jail are the ones who are behind all of it." *Id.* Plaintiff alleged the nursing staff from King County Jail in retaliation for filing a case against them "manufactured this residential burglary case on me …[and] are the source of my infectious diseases." *Id.* Plaintiff also appeared to allege the other inmates are tampering with the water supply and spreading infectious bacteria. *Id.* Plaintiff also stated it is unjust he has to register as a sex offender because "indecent exposure is not the definition of my character it is something stupid I did high on methamphetamine." *Id.*

As relief, plaintiff requested an emergency injunction forcing the nursing staff to completely cure his infection with a full course of antibiotics or release him so he can go somewhere to get treatment; force the inmates so there is clean food and water; use evidence from this lawsuit as evidence of fraud for his federal appeal and reverse and dismiss; assign a federal investigator to review all of his cases so they can inform the court of the truth.

With respect to his "federal appeal" plaintiff alleged various problems in his criminal trial including juror bias, insufficient evidence, and violation of his speedy trial rights, that he was falsely accused and maliciously prosecuted. *Id.* As relief he requested the Court reverse and dismiss his criminal conviction and release him back to community custody. *Id.*

**B. Amended Complaint**

In his amended complaint, plaintiff again makes substantially the same allegations in support of his claim that defendants Hale and Smith acted with deliberate indifference to a serious medical need. Dkt. 10. Specifically, he alleges the defendants Hale and Smith "are

REPORT AND RECOMMENDATION - 4

continuously refusing to give [him] enough anti-biotics to cure the infection in [his] cheek/teeth." *Id.* He indicates defendants Hale and Smith have refused to prescribe him additional antibiotics to those he has already taken, stating that his tooth needs to be pulled. *Id.* Plaintiff indicates he believes that the infection is not from his teeth but is from "tampering with food/water/coffee and the two defendants named damn well know it." *Id.* He further states he knows "it is a conclusory allegation but [he] think[s]" defendant Hale and her assistant are the ones providing the bacteria that is being used to contaminate the food/water/coffee out of "some perverse desire to cause me pain by pulling my teeth." *Id.*

Plaintiff also again alleges that the water and food at SOU campus is contaminated with "chemicals, bacterias, or god-knows what" by the staff or allowed by the staff. *Id.* He alleges this is in retaliation for a PREA he filed at Shelton and a lawsuit he filed against the nursing staff of King County Jail. *Id.* He appears to allege a conspiracy to retaliate against him by the entire Department of Corrections. *Id.*

Plaintiff also alleges "false imprisonment due to manufacturing a case on me" and that he has a concurrent habeas corpus petition alleging his right to a fair trial has been violated. *Id.* He seeks $1,00.00 a day in monetary damages for his whole sentence and immediate release. *Id.* He also seeks an order from the Court requiring defendants to: cure his infection with enough antibiotics; stop "them" from tampering; and immediate release if defendants can't keep him in custody under constitutional conditions. *Id.*

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is

REPORT AND RECOMMENDATION - 5

1  immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is

2  frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228

3  (9th Cir. 1984).

4  Before the Court may dismiss the complaint as frivolous or for failure to state a claim,

5  though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and

6  an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050,

7  1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir.

8  1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend

9  need not be granted "where the amendment would be futile or where the amended complaint

10 would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

11 To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct

12 complained of was committed by a person acting under color of state law, and (2) the conduct

13 deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

14 United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate

15 avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v.*

16 *Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

17 **A.    Inadequate Medical Care**

18 In both his original and amended complaints, plaintiff alleges defendants, dentist Laura

19 Hale and medical provider Robin Smith, acted with deliberate indifference to his serious medical

20 need by refusing to prescribe him additional antibiotics. Dkts. 6, 10.

21 In the Court's prior Report and Recommendation, plaintiff was notified that to state a

22 claim under the Eighth Amendment, he must include factual allegations that a state actor acted

23 with deliberate indifference to his serious medical needs. Dkt. 8. He was advised that a

determination of deliberate indifference involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Dkt. 8; *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). He was advised that a "serious medical need" exists if the failure to treat a prisoner's condition would result in further significant injury or the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. Dkt. 8; *Helling v. McKinney*, 509 U.S. 25, 32–35 (1993); *McGuckin*, 974 F.2d at 1059. He was advised that an official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." Dkt. 8; *Farmer*, 511 U.S. at 837.

Plaintiff was advised that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Dkt. 8. He was informed that medical malpractice does not become a constitutional violation merely because the victim is a prisoner", *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995), and even gross negligence is insufficient to establish deliberate indifference to serious medical needs. Dkt. 8; *see Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). He was further informed that a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Dkt. 8; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Here, in both his original and amended complaints, plaintiff alleges generally that he believes the defendants are intentionally withholding necessary antibiotics from him but offers no factual support for this assertion. He acknowledges that he was previously given antibiotics for his infected tooth, but that defendants Smith and Hale now refuse to prescribe him additional antibiotics on the basis that they believe the appropriate form of treatment is to pull plaintiff's

REPORT AND RECOMMENDATION - 7

tooth.[1] In both his original and amended complaint plaintiff alleges insufficient facts to support a claim that defendants knew of and disregarded an excessive risk to his health or safety. Rather plaintiff's complaints indicate that defendants believe that additional antibiotics will not resolve the issue with plaintiff's tooth and that pulling the tooth is the appropriate course of treatment. At best, plaintiff's original and amended complaints allege facts to indicate that he disagrees with the course of treatment he is receiving. Plaintiff was previously informed that such allegations were insufficient to state a claim of deliberate indifference to a serious medical need under the Eighth Amendment. *See* Dkt. 8.

Plaintiff's amended complaint, as pled, fails to state a plausible claim of deliberate indifference to his serious medical needs. Plaintiff was given an opportunity amend his complaint to allege additional facts to support his claims, but his amended complaint remains similarly deficient. As it appears the deficiencies in the complaint and amended complaint are not capable of being cured through further amendment, the Court recommends that these claims be dismissed with prejudice for failure to state a claim.

**B.     Contamination Claim**

In his original and amended complaints, plaintiff also alleges contamination of the food, water and coffee at his facility. Dkts. 6, 10. In the first instance, plaintiff offers no facts beyond his own speculation to support the allegation that the food, water and coffee at the facility are contaminated. *Id.* Plaintiff contends this contamination is what is causing his tooth issue but offers no facts to support this claim. *Id.* With respect to defendant Hale, plaintiff acknowledges that "it is a conclusory allegation but [he] think[s]" defendant Hale and her assistant are the ones

---

[1] In his original complaint plaintiff also indicated another provider had expressed concern that he would become resistant if they continued to prescribe antibiotics. Dkt. 6.

REPORT AND RECOMMENDATION - 8

providing the bacteria that is being used to contaminate the food/water/coffee out of "some perverse desire to cause me pain by pulling my teeth." *Id.* Plaintiff also alleges this contamination is retaliation by King County Nursing Staff for a lawsuit and a PREA claim but again offers no facts to support this allegation, nor does he name an individuals of King County Nursing Staff as defendants. *Id.* Plaintiff was previously advised that such conclusory allegations fail to state a plausible and viable § 1983 claim.

Plaintiff was given an opportunity amend his complaint to allege additional facts to support his claims, but his amended complaint remains similarly deficient. As it appears the deficiencies in the complaint and amended complaint are not capable of being cured through further amendment, the Court recommends that these claims be dismissed with prejudice for failure to state a claim.

**C.    "False Imprisonment"**

Plaintiff's amended complaint also alleges "false imprisonment due to manufacturing a case on me." Dkt. 10. He indicates he has a concurrent habeas petition challenging his conviction alleging his right to a fair trial has been violated. *Id.* He seeks immediate release and monetary damages. *Id.* Plaintiff was previously notified that to the extent he seeks to challenge the fact of his physical custody or confinement his request for relief is properly raised in a 28 U.S.C. § 2254 petition, not a § 1983 complaint. *Id.* Furthermore, a prisoner's civil rights claim for damages attributable to an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid does not accrue until his sentence or fact of imprisonment has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Here, to the extent plaintiff seeks monetary damages related to alleged civil rights violations in "manufacturing a case against [him]" in the context of his criminal case, his claims

REPORT AND RECOMMENDATION - 9

should be dismissed without prejudice as barred by *Heck* as success on such claims would necessarily invalidate his conviction. Given the nature of this claim it appears further leave to amend would be futile. Accordingly, the Court recommends that this claim be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).

## CONCLUSION

The Court recommends plaintiff's claims with respect to inadequate medical care related to his tooth and contamination of the food, water, and coffee at MCC-SOU be dismissed with prejudice for failure to state a claim. The Court recommends plaintiff's claims with respect to "false imprisonment" be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Plaintiff was given notice of the deficiencies in his complaint and granted leave to file an amended complaint but the amended complaint he filed is similarly deficient. Accordingly, it appears the deficiencies in the complaint and amended complaint are not capable of being cured through further amendment.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 4, 2019.** The Clerk should note the matter for **November 8, 2019**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will

REPORT AND RECOMMENDATION - 10

then be ready for the Court's consideration on the date the response is due. Objections and responses **shall not exceed 8 pages**. The failure to timely object may affect the right to appeal.

DATED this 25th day of October, 2019.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11